**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ALAN R. CURTIS,
and JEANINE R. SAXTON,

    Plaintiffs,

vs.                                                 Case No. 4:13cv99-RH/CAS

BERNARD F. DALEY, JR.,
and THE DALEY LAW OFFICE, P.A.,

    Defendants.

_____ /

**REPORT AND RECOMMENDATION**

Plaintiffs, both proceeding pro se, have submitted a complaint, doc. 1, asserting that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiffs allege claims for negligence (count I), legal malpractice (count II), breach of contract (count III), and breach of fiduciary duty (count IV). The basis for the complaint is the allegation that on August 25, 2011, Plaintiff Alan Curtis entered into a contract with attorney Bernard F. Daley, Jr., to represent Curtis in two criminal cases, one civil action against Wachovia Bank, and one case concerning International Treaty Violations. Doc. 1 at 2, 3. Plaintiff Jeanine Saxton asserts that she "is the Attorney in fact for Curtis and a Third party benificary [sic] of monatory [sic] assets and liberty

interest of Curtis . . . ." *Id.* at 2. However, attached to the complaint is the Representation Agreement[1] which is signed only by Plaintiff Curtis and Defendant Daley. Doc. 1 at 15.

There are numerous problems with this case which prevent going forward as filed. Although the complaint purports to be filed by two Plaintiffs, Saxton and Curtis, only Plaintiff Alan Boyd Curtis signed the complaint form. The action, thus, must be deemed to be filed on behalf of only Curtis.

Plaintiff Curtis did not, however, pay the filing fee for this case, nor did Curtis submit an in forma pauperis motion. Instead, the in forma pauperis motion is signed and completed solely by Plaintiff Jeanine Saxton. Doc. 2. An in forma pauperis cannot be granted for one who is not a party to a complaint.

There is no reason, however, to delay consideration of the complaint solely to address the filing fee and in forma pauperis motion because this Court lacks jurisdiction over this case as filed. The complaint demonstrates that both Plaintiff Curtis and the Defendants are citizens of the state of Florida. Plaintiff Saxton resides in Kentucky, *Id.* at 2, and contends she is an agent for Plaintiff. *Id.* at 4. Plaintiff Curtis is "an impaired inmate who resided at Hamilton Correctional Institution" during the relevant times of the complaint, but who now appears to reside at the South Florida Reception Center in Doral, Florida. *Id.* at 14. Defendant Daley is a Florida Attorney who "conducts

---

[1] The Agreement is to "represent Alan Boyd Curtis in legal matters involving several already existing filings including:" (1) a civil action against Wachovia Bank, (2) state habeas/post-conviction efforts in two Pinellas County cases, and (3) federal post conviction effort "relating to the same conviction." Doc. 1 at 15.

business from the address of 901 North Gadsden Street, Tallahassee, Florida 32303." *Id.* at 1.

A United States District Court has essentially two basis for jurisdiction: federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. As Plaintiff and the Defendants reside in Florida, there can be no jurisdiction based on diversity. Additionally, Plaintiff has not alleged any constitutional violation such that jurisdiction could be obtained under the court's federal question jurisdiction, nor could this case proceed as a civil rights violation against Daley because representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). The complaint does not allege either a constitutional violation or that any act was taken by a "state actor" for purposes of § 1983. While Plaintiff Curtis may have claims for legal malpractice or breach of contract, *see* Weiner v. Prudential Mortgage Investors, Inc., 557 So. 2d 912 (Fla. 3d DCA 1990), no federal constitutional claims are evident. This court lacks subject matter jurisdiction and this case should be dismissed.

There is no basis for assertion of a claim by Saxton. Saxton does not appear to be an attorney as she states in her in forma pauperis motion that she is a bus driver. Thus, Saxton cannot be said to be an agent for Alan Curtis. Because the contract was entered into between Curtis and Daley, Saxton is not a party to the contract and may not sue on the contract. The contract is for representation of Curtis by Daley and, thus,

Saxton is not an intended third party beneficiary of a contract.  There is no basis for federal court jurisdiction over this action and it should be dismissed.

A court may raise a jurisdictional defect *sua sponte* at any time.  <u>New England Co. v. Bank of Gwinnett County</u>, 891 F. Supp. 1569, 1577 (N.D. Ga. 1995), *citing* <u>Barnett v. Bailey</u>, 956 F.2d 1036, 1039 (11th Cir. 1992); <u>Fitzgerald v. Seaboard System R.R., Inc.</u>, 760 F.2d 1249, 1251 (11th Cir. 1985).  There is no need to delay dismissal of this case solely because a non-party to the complaint submitted the in forma pauperis motion.  This Court lacks subject matter jurisdiction and the case should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that the in forma pauperis motion, doc. 2, be **DENIED** because Jeanine Saxton, the affiant, is not a party in this action and did not sign the complaint, and the complaint, doc. 1, should be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on March 11, 2013.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**